IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES** | ) |
| **CENTRAL COMMAND,** | ) |
| 7115 South Boundary Blvd. | ) |
| MacDill AFB, FL 33621-5101 | ) |
| | ) |
| **UNITED STATES SPECIAL** | ) |
| **OPERATIONS COMMAND,** | ) |
| 7701 Tampa Point Blvd. | ) |
| MacDill AFB, FL 33621-5323 | ) |
| | ) |
| **UNITED STATES AFRICA COMMAND,** | ) |
| Unit 29951 | ) |
| APO, AE 09751 | ) |
| | ) |
| **UNITED STATES** | ) |
| **SOUTHERN COMMAND,** | ) |
| 9301 NW 33rd St. | ) |
| Miami, FL 33172 | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **DEFENSE,** | ) |
| 1155 Defense Pentagon | ) |
| Washington, DC 20301 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.     Plaintiff BLOOMBERG L.P. brings this suit to compel Defendants UNITED

STATES CENTRAL COMMAND, UNITED STATES SPECIAL OPERATIONS COMMAND,

UNITED STATES AFRICA COMMAND, UNITED STATES SOUTHERN COMMAND, and UNITED STATES DEPARTMENT OF DEFENSE to discharge their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing records regarding incidents of alleged civilian harm in Yemen, Somalia, Venezuela, and the Caribbean and Pacific regions.

**PARTIES**

2.      Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events.  BLOOMBERG L.P. is the FOIA requester in this case.

3.      Defendant UNITED STATES CENTRAL COMMAND ("CENTCOM") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant UNITED STATES SPECIAL OPERATIONS COMMAND ("SOCOM") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant UNITED STATES AFRICA COMMAND ("AFRICOM") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

6.      Defendant UNITED STATES SOUTHERN COMMAND ("SOUTHCOM") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

7.      Defendant UNITED STATES DEPARTMENT OF DEFENSE ("DOD") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOD is the parent agency of CENTCOM, SOCOM, AFRICOM, and SOUTHCOM.

**JURISDICTION AND VENUE**

8. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

9. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**FEBRUARY 4, 2026 FOIA REQUEST TO CENTCOM**

10. On February 4, 2026, Plaintiff submitted a FOIA request to CENTCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in Yemen as well as the following records regarding incidents of alleged civilian harm that occurred in Yemen between January 1, 2024, and December 31, 2025:

> [1.] Credibility assessment reports
>
> [2.] All witness or casualty interviews conducted
>
> [3.] Other findings from NGOs, media, foreign governments, international entity reporting or other outside entities that were considered in the investigation or included in the findings.
>
> [4.] Closure reports
>
> [5.] Army Regulation 15-6 and command-directed investigations
>
> This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images

11. A true and correct copy of the FOIA request is attached as Exhibit 1. To assist with the agency's search for records, Plaintiff provided links to reports associated with incidents of alleged civilian harm but did not limit the scope of the search to these reported incidents. The request sought records regarding all incidents of alleged civilian harm in Yemen within the timeframe provided.

12. CENTCOM did not send any correspondence to Plaintiff regarding this request.

13. As of the date of this filing, CENTCOM has not issued a determination on Plaintiff's request.

14. As of the date of this filing, CENTCOM has failed to make any responsive records promptly available to Plaintiff.

**FEBRUARY 6, 2026 FOIA REQUEST TO CENTCOM**

15. On February 6, 2026, Plaintiff submitted a FOIA request to CENTCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in Yemen as well as the following records regarding incidents of alleged civilian harm that occurred in Yemen between January 1, 2024, and December 31, 2025:

> [1.] Combat assessments
>
> [2.] CHMR initial review (for each incident of harm)
>
> [3.] Civilian harm assessment report
>
> This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images

16. A true and correct copy of the FOIA request is attached as Exhibit 2. To assist with the agency's search for records, Plaintiff provided links to reports associated with incidents of alleged civilian harm but did not limit the scope of the search to these reported incidents. The request sought records regarding all incidents of alleged civilian harm in Yemen within the timeframe provided.

17. On February 9, 2026, CENTCOM acknowledged receipt of the FOIA request, assigned reference number #26-0093 to the matter, and indicated that the request was currently number 1,444 in its processing queue.

18. A true and correct copy of the acknowledgement letter is attached as Exhibit 3.

19.     CENTCOM did not send any further correspondence to Plaintiff regarding this request.

20.     As of the date of this filing, CENTCOM has not issued a determination on Plaintiff's request.

21.     As of the date of this filing, CENTCOM has failed to make any responsive records promptly available to Plaintiff.

### FEBRUARY 10, 2026 FOIA REQUEST TO SOCOM

22.     On February 10, 2026, Plaintiff submitted a FOIA request to SOCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in Yemen as well as the following records regarding incidents of alleged civilian harm that occurred in Yemen between January 1, 2024, and December 31, 2025:

[1.] Combat assessments

[2.] CHMR initial review (for each incident of harm)

[3.] Civilian harm assessment report

[4.] Credibility assessment reports

[5.] Battle Damage Assessments

[6.] First impression reports

[7.] Other assessment records

[8.] All witness or casualty interviews conducted

[9.] Other findings from NGOs, media, foreign governments, international entity reporting or other outside entities that were considered in the investigation or included in the findings.

[10.] Closure reports

[11.] Army Regulation 15-6 and command-directed investigations

This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message

logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images

23. A true and correct copy of the FOIA request is attached as Exhibit 4. To assist with the agency's search for records, Plaintiff provided links to reports associated with incidents of alleged civilian harm but did not limit the scope of the search to these reported incidents. The request sought records regarding all incidents of alleged civilian harm in Yemen within the timeframe provided.

24. On March 9, 2026, SOCOM acknowledged receipt of the FOIA request, stating that its reply was delayed due to "an [air conditioning] system in our building having catastrophic failure, team members out with the flu, and personnel turnover." SOCOM assigned reference number 2026-189 to the matter and provided an estimated date of completion of 4-6 months.

25. A true and correct copy of the acknowledgement letter is attached as Exhibit 5.

26. SOCOM did not send any further correspondence to Plaintiff regarding this request.

27. As of the date of this filing, SOCOM has not issued a determination on Plaintiff's request.

28. As of the date of this filing, SOCOM has failed to make any responsive records promptly available to Plaintiff.

### FEBRUARY 11, 2026 FOIA REQUEST TO AFRICOM

29. On February 11, 2026, Plaintiff submitted a FOIA request to AFRICOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in Somalia as well as the following records regarding incidents of alleged civilian harm or harm to civilian infrastructure in Somalia between January 1, 2024, through the date that the search for records is conducted:

> [1.] Allegations of civilian harm submitted via AFRICOM's portal (https://www.africom.mil/civilian-harm-reporting),        email:

africom.stuttgart.accs.list.civilian-casualty-reporting@mail.mil   or other avenues.

[2.] Combat assessments

[3.] CHMR initial review

[4.] Civilian harm assessment report

[5.] Credibility assessment reports

[6.] Battle Damage Assessments

[7.] First impression reports

[8.] Other assessment records

[9.] All witness or casualty interviews conducted

[10.] Other findings from NGOs, media, foreign governments, international entity reporting or other outside entities that were considered in the investigation or included in the findings.

[11.] Closure reports

[12.] Army Regulation 15-6 and command-directed investigations

This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images

30.    A true and correct copy of the FOIA request is attached as Exhibit 6. To assist with the agency's search for records, Plaintiff provided links to two reports from non-governmental organizations documenting 155 strikes totaling 359 deaths of militants and possible civilians but did not limit the scope of the search to these reported incidents. The request sought records regarding all incidents of alleged civilian harm in Somalia within the timeframe provided.

31.    On March 9, 2026, having received no acknowledgement of receipt from AFRICOM, Plaintiff sent a follow-up message to AFRICOM seeking an estimated date of completion.

32.     A true and correct copy of the correspondence is attached as Exhibit 7.

33.     On March 10, 2026, Plaintiff sent another follow-up message to AFRICOM inquiring about the status of the request. *Id*.

34.     On March 11, 2026, AFRICOM acknowledged receipt of the FOIA request, stating that its reply was delayed because the FOIA request "inadvertently went to our FOIA junk folder." AFRICOM assigned reference number 2026-027 to the matter and provided an estimated date of completion of March 16, 2026.

35.     A true and correct copy of the acknowledgement letter is included in Exhibit 8.

36.     On March 27, 2026, having not received any responsive records, Plaintiff sent a follow-up message to AFRICOM inquiring about the estimated date of completion and requesting that records be produced before the end of the day on March 30, 2026. *Id*.

37.     On March 31, 2026, AFRICOM provided an estimated date of completion of September 11, 2026. *Id*.

38.     AFRICOM did not send any further correspondence to Plaintiff regarding this request.

39.     As of the date of this filing, AFRICOM has not issued a determination on Plaintiff's request.

40.     As of the date of this filing, AFRICOM has failed to make any responsive records promptly available to Plaintiff.

**FEBRUARY 11, 2026 FOIA REQUEST TO SOUTHCOM**

41.     On February 11, 2026, Plaintiff submitted a FOIA request to SOUTHCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in the Caribbean and Pacific as well as the following records regarding all incidents of

alleged civilian harm or harm to civilian infrastructure in the Caribbean and the Pacific between September 1, 2025 and the date the search for responsive records is conducted:

[1.] Combat assessments

[2.] CHMR initial review (for each incident of harm)

[3.] Civilian harm assessment report

[4.] Credibility assessment reports

[5.] Battle Damage Assessments

[6.] First impression reports

[7.] Other assessment records

[8.] All witness or casualty interviews conducted

[9.] Other findings from NGOs, media, foreign governments, international entity reporting or other outside entities that were considered in the investigation or included in the findings.

[10.] Closure reports

[11.] Army Regulation 15-6 and command-directed investigations

This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images.

42.     A true and correct copy of the FOIA request is attached as Exhibit 9.  To assist with the agency's search for records, Plaintiff provided a link to a report generated by a nonprofit organization documenting 130 deaths associated with 36 incidents in the Caribbean and Pacific between September 1, 2025, and February 10, 2026, but did not limit the scope of the search to these reported incidents.  The request sought records regarding all incidents of alleged civilian harm in the Caribbean and Pacific within the timeframe provided.

43.     On February 12, 2026, SOUTHCOM acknowledged receipt of the FOIA request, assigned reference number 26-SC-074-S to the matter, and stated that it could not yet provide an

estimated date of completion "as the office/components who will conduct records searches have not yet had time to evaluate the time needed to search and review records."

44. A true and correct copy of the acknowledgement letter is attached as Exhibit 10.

45. SOUTHCOM did not send any further correspondence to Plaintiff regarding this request.

46. As of the date of this filing, SOUTHCOM has not issued a determination on Plaintiff's request.

47. As of the date of this filing, SOUTHCOM has failed to make any responsive records promptly available to Plaintiff.

## FEBRUARY 12, 2026 FOIA REQUEST TO SOUTHCOM

48. On February 12, 2026, Plaintiff submitted a FOIA request to SOUTHCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat operations in Venezuela as well as the following records regarding all incidents of alleged civilian harm or harm to civilian infrastructure in Venezuela between January 1, 2026, and the date the search for responsive records is conducted:

[1.] Combat assessments

[2.] CHMR initial review (for each incident of harm)

[3.] Civilian harm assessment report

[4.] Credibility assessment reports

[5.] Battle Damage Assessments

[6.] First impression reports

[7.] Other assessment records

[8.] All witness or casualty interviews conducted

[9.] Other findings from NGOs, media, foreign governments, international entity reporting or other outside entities that were considered in the investigation or included in the findings.

- 10 -

[10.] Closure reports

[11.] Army Regulation 15-6 and command-directed investigations

This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images.

49.    A true and correct copy of the FOIA request is attached as Exhibit 11.  To assist with the agency's search for records, Plaintiff provided a link to a report documenting seven incidents associated with possible civilian harm but did not limit the scope of the search to these reported incidents.  The request sought records regarding all incidents of alleged civilian harm in Venezuela within the timeframe provided.

50.    On February 17, 2026, SOUTHCOM acknowledged receipt of the FOIA request, assigned reference number 26-SC-075-S to the matter, and stated that it could not yet provide an estimated date of completion "as the office/components who will conduct records searches have not yet had time to evaluate the time needed to search and review records."

51.    A true and correct copy of the acknowledgement letter is attached as Exhibit 12.

52.    SOUTHCOM did not send any further correspondence to Plaintiff regarding this request.

53.    As of the date of this filing, SOUTHCOM has not issued a determination on Plaintiff's request.

54.    As of the date of this filing, SOUTHCOM has failed to make any responsive records promptly available to Plaintiff.

**MARCH 10, 2026 FOIA REQUEST TO CENTCOM**

55.    On March 10, 2026, Plaintiff submitted a FOIA request to CENTCOM seeking the standard operating procedures for Civilian Casualty Reporting and Response for U.S. combat

operations in Iran as well as records regarding an incident that occurred in Iran on or around Saturday, February 28, 2026, in the town of Minab near the Strait of Hormuz, where the Shajarah Tayyebeh Girls' School was reportedly struck during military operations. Reporting from several news outlets has suggested that 160 people may have been killed and that the US military was likely responsible for this strike. On Wednesday, March 4, Defense Secretary Pete Hegseth said, "We're investigating that. We, of course, never target civilian targets. But we're taking a look and investigating that." Plaintiff requested the following records regarding this incident, dated February 20, 2026, through the date that the search for records is conducted:

> 1. The Civilian Harm Mitigation initial review. To help assist with your search, please note that this record is described in detail in DOD Instruction 3000.17 Civilian Harm Mitigation and Response3
>
> 2. First Impression Reports (FIR), which are typically completed within two hours of an actual or suspected civilian casualty incident.
>
> 3. Second Impression Reports (SIR), which are supposed to be submitted no later than eight hours after the FIR, according to DoD records.
>
> This request seeks all enclosures, exhibits and attachments within or referenced in these records, including but not limited to the following: mIRC logs or other chat and internet relaying message logs, Full Motion Video (FMV) or other video referenced, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures and other images.

56.    A true and correct copy of the FOIA request is attached as Exhibit 13. Plaintiff sought expedited processing of the request.

57.    On March 16, 2026, CENTCOM assigned reference number 26-0118 to the matter and denied Plaintiff's request for expedited processing.

58.    A true and correct copy of the acknowledgement letter is attached as Exhibit 14.

59.    On March 23, 2026, Plaintiff administratively appealed the denial of expedited processing. A true and correct copy of the correspondence is attached as Exhibit 15.

60.     Plaintiff has elected not to challenge CENTCOM's denial of expedited processing in this case.

61.     On March 24, 2026, DOD acknowledged receipt of the administrative appeal and assigned reference number 26-AC-0093-A1 to the matter.

62.     A true and correct copy of the correspondence is attached as Exhibit 16.

63.     CENTCOM did not send any further correspondence to Plaintiff regarding this request.

64.     As of the date of this filing, CENTCOM has not issued a determination on Plaintiff's request.

65.     As of the date of this filing, CENTCOM has failed to make any responsive records promptly available to Plaintiff.

**COUNT I – CENTCOM'S FOIA VIOLATION**
**FEBRUARY 4, 2026 FOIA REQUEST TO CENTCOM**

66.     Paragraphs 1-63 are incorporated by reference.

67.     Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

68.     Defendant CENTCOM is a federal agency subject to FOIA.

69.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

70.     Defendant CENTCOM has failed to conduct a reasonable search for records responsive to the request.

71.     Defendant CENTCOM has failed to issue a determination within the statutory deadline.

72.     Defendant CENTCOM has failed to produce all non-exempt records responsive to the request.

## COUNT II – CENTCOM'S FOIA VIOLATION
## FEBRUARY 6, 2026 FOIA REQUEST TO CENTCOM

73.    Paragraphs 1-63 are incorporated by reference.

74.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

75.    Defendant CENTCOM is a federal agency subject to FOIA.

76.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

77.    Defendant CENTCOM has failed to conduct a reasonable search for records responsive to the request.

78.    Defendant CENTCOM has failed to issue a determination within the statutory deadline.

79.    Defendant CENTCOM has failed to produce all non-exempt records responsive to the request.

## COUNT III – SOCOM'S FOIA VIOLATION
## FEBRUARY 10, 2026 FOIA REQUEST TO SOCOM

80.    Paragraphs 1-63 are incorporated by reference.

81.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

82.    Defendant SOCOM is a federal agency subject to FOIA.

83.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

84.    Defendant SOCOM has failed to conduct a reasonable search for records responsive to the request.

85.     Defendant SOCOM has failed to issue a determination within the statutory deadline.

86.     Defendant SOCOM has failed to produce all non-exempt records responsive to the request.

## COUNT IV – AFRICOM'S FOIA VIOLATION
## FEBRUARY 11, 2026 FOIA REQUEST TO AFRICOM

87.     Paragraphs 1-63 are incorporated by reference.

88.     Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

89.     Defendant AFRICOM is a federal agency subject to FOIA.

90.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

91.     Defendant AFRICOM has failed to conduct a reasonable search for records responsive to the request.

92.     Defendant AFRICOM has failed to issue a determination within the statutory deadline.

93.     Defendant AFRICOM has failed to produce all non-exempt records responsive to the request.

## COUNT V – SOUTHCOM'S FOIA VIOLATION
## FEBRUARY 11, 2026 FOIA REQUEST TO SOUTHCOM

94.     Paragraphs 1-63 are incorporated by reference.

95.     Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

96.     Defendant SOUTHCOM is a federal agency subject to FOIA.

97.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

98.   Defendant SOUTHCOM has failed to conduct a reasonable search for records responsive to the request.

99.   Defendant SOUTHCOM has failed to issue a determination within the statutory deadline.

100.   Defendant SOUTHCOM has failed to produce all non-exempt records responsive to the request.

**COUNT VI – SOUTHCOM'S FOIA VIOLATION
FEBRUARY 12, 2026 FOIA REQUEST TO SOUTHCOM**

101.   Paragraphs 1-63 are incorporated by reference.

102.   Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

103.   Defendant SOUTHCOM is a federal agency subject to FOIA.

104.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

105.   Defendant SOUTHCOM has failed to conduct a reasonable search for records responsive to the request.

106.   Defendant SOUTHCOM has failed to issue a determination within the statutory deadline.

107.   Defendant SOUTHCOM has failed to produce all non-exempt records responsive to the request.

**COUNT VII – CENTCOM'S FOIA VIOLATION**
**MARCH 10, 2026 FOIA REQUEST TO CENTCOM**

108.   Paragraphs 1-63 are incorporated by reference.

109.   Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

110.   Defendant CENTCOM is a federal agency subject to FOIA.

111.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

112.   Defendant CENTCOM has failed to conduct a reasonable search for records responsive to the request.

113.   Defendant CENTCOM has failed to issue a determination within the statutory deadline.

114.   Defendant CENTCOM has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiff attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: April 8, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

- 17 -

Attorneys for Plaintiff
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com